■ In the Matter of the Claims of LAVERNE BARKLEY et al., Appellants. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 1977. The board has found that the claimant Laverne Barkley was not totally unemployed and as a result she made willfully false statements to obtain benefits. Laverne Barkley conceded at the hearings that she performed some bookkeeping services for the employer and, under all of the circumstances established by the proof, there was substantial evidence of compensation to her for such services even if it was only indirect. The determination as to Laverne Barkley is supported by substantial evidence and must be affirmed. As to the claimant Michele Barkley, the board has found that she was not employed by the employer herein and, accordingly, her statement that she had worked was willful and false to obtain benefits. While it is academic that in unemployment insurance proceedings the issues of credibility are solely for the board, there must be substantial evidence to support the finding of a willful false statement. This record establishes beyond dispute that the claimant Michele performed services for the employer and the board's reliance upon the youthfulness of Michele as rendering her less capable than her mother to be a bookkeeper is pure speculation. There is nothing in this record to establish that Michele was aware that the arrangement between her mother, Laverne, and the employer was not for a bona fide employment of her services. While the record does contain substantial evidence that the intent of the employer and Laverne was to continue Laverne as bookkeeper and, accordingly, Michele did not have bona fide employment, there is no substantial evidence that Michele made a willful false statement as to her employment for the purpose of obtaining benefits. Decision modified by reversing so much thereof as sustained the initial determination charging Michele Barkley with a recoverable overpayment of benefits and imposing a forfeiture of 36 effective days for false statements, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Staley, Jr., Main and Herlihy, JJ., concur.